FILED IN CLERK'S OFFICE
U.S.D.C.-Atlanta

NOV 04 2005

LUTHER D. THOMAS, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HOMER TLC, INC., :
a Delaware Corporation :
:
Plaintiff, :
:
:
v. :        CIVIL ACTION FILE
:        NO. 1 05 CV 2861
RICKEY A. MCDANIEL, :
ROBERT FELDBAUER :
DAVID MOLLNER; and DRIVE :
POWER, INC. d/b/a THE TRANS :
DEPOT, :
:
:
Defendants. :

## COMPLAINT

NOW COMES HOMER TLC, INC. ("Homer") and, by and through its

undersigned counsel, hereby makes and files this Complaint for permanent

injunctive relief and damages against Defendants RICKEY A. MCDANIEL,

ROBERT FELDBAUER, DAVID MOLLNER and DRIVE POWER, INC. d/b/a

THE TRANS DEPOT ("Defendants"), and, in support thereof, respectfully shows

the Court the following:



FORMS RECEIVED
Consent To US Mag. _____
P_____ _____

299928

## NATURE AND BASIS OF ACTION

1.

This is an action for trademark, service mark, and trade name infringement, false advertising and use of false designations of origin, false descriptions and false representations of fact in violation of Sections 32 and 43(a) of the Trademark Act of 1946, as amended (hereinafter referred to as the "Lanham Act"), 15 U.S.C. §§ 1114, 1125(a); trademark dilution in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); violation of the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 23-2-55; and unfair competition under Georgia common law. Plaintiff seeks equitable relief and damages.

## JURISDICTION AND VENUE

2.

The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367, and 15 U.S.C. § 1121 because this is an action brought under the Lanham Act. This Court has jurisdiction over Plaintiff's claims arising out of Defendants' acts of unfair competition pursuant to 28 U.S.C. § 1338, and over Defendants' violations of Georgia law and statutes pursuant to the Court's supplemental jurisdiction as described in 28 U.S.C. § 1367 because those

claims are so related to Plaintiff's claims under the Lanham Act that they form part of the same case or controversy under Article III of the United States Constitution.

3.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Defendants reside within this district. This action arises out of the transaction of business and other activities by Defendants within this district.

4.

Atlanta is the proper division for this civil action because the cause of action arose and a substantial part of the events giving rise to the claim occurred in the Atlanta Division, namely in Riverdale (Clayton County) and Conyers (Rockdale County), Georgia.

## **PARTIES**

5.

Plaintiff Homer is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business located at 1404 Society Drive, Claymont, Delaware 19703.

6.

Plaintiff Homer is a wholly-owned subsidiary of Home Depot U.S.A., Inc., which is, in turn, owned by Home Depot International, Inc., a wholly-owned subsidiary of The Home Depot, Inc.

7.

Upon information and belief, Defendant Rickey A. McDaniel is the Chief Executive Officer of Drive Power, Inc., and, on information and belief, an owner, manager, partner or controlling supervisor of "The Trans Depot", which is an unincorporated entity. Defendant McDaniel resides in this district in the Newnan division in Coweta County at 81 Audubon Pl., Newnan, Georgia 30265-2003 and is subject to the jurisdiction of this Court.

8.

Upon information and belief, Defendant Robert Feldbauer is the Chief Financial Officer of Drive Power, Inc., and, on information and belief, an owner, manager, partner or controlling supervisor of "The Trans Depot," which is an unincorporated entity. Defendant Feldbauer resides in this district in the Newnan division in Coweta County at 125 Hamstead Park Dr., Sharpsburg, Georgia 30277-3400 and is subject to the jurisdiction of this Court.

9.

Upon information and belief, Defendant David Mollner is the Secretary of Drive Power, Inc., and, on information and belief, an owner, manager, partner or controlling supervisor of "The Trans Depot," which is an unincorporated entity. Defendant McDaniel resides in this district in the Newnan division in Coweta County at 95 Chapman Oak Dr., Newnan, Georgia 30265-3848 and is subject to the jurisdiction of this Court.

10.

Upon information and belief, Defendants Rickey A. McDaniel, Robert Feldbauer and David Mollner together and in concert with Defendant Drive Power, Inc., operate a business as an unincorporated entity under the name "The Trans Depot" at locations in this district and division including at least 611 Highway 85, Riverdale, Georgia and 1188 Royal Drive, Conyers, Georgia 30094. These Defendants also operate under the infringing name at locations in the Newnan division of this district including at least 24 Tower Place, Newnan, Georgia 30263 and at 127 Huddleston Road, Peachtree City, Georgia 30269. Defendants' website also lists telephone numbers for "The Trans Depot" in Lagrange, Union City, Jonesboro/Stockbridge, Fayetteville, Griffin, Fairburn and Conyers.

11.

Upon information and belief, Defendant Drive Power, Inc., is a Georgia corporation, with a place of business at 23 McBride Street, Newnan, Newton County in the Newnan Division of this District.

12.

Upon information and belief, the Defendants Rickey A. McDaniel, Robert Feldbauer, David Mollner and Drive Power, Inc. sometimes do business under the business name Driver Power USA, which, in turn, does business as an unincorporated entity under the name "The Trans Depot."

## FACTS GIVING RISE TO THIS ACTION

13.

Plaintiff Homer is the owner of the registered trademarks HOME DEPOT and THE HOME DEPOT (hereinafter "THE HOME DEPOT Marks"). Commencing at least as early as 1979 and, upon information and belief, since long prior to the acts of Defendants complained of herein, Plaintiff Homer, through its predecessors in interest and licensees, has used THE HOME DEPOT Marks in connection with its home improvement stores and a wide variety of products and services on a continuous basis in interstate commerce throughout the United States including in this judicial district.

14.

Plaintiff Homer is the owner of numerous Trademark Registrations issued by the United States Patent and Trademark Office for THE HOME DEPOT Marks, including:

(a)     Plaintiff Homer is owner of at least 27 United States Trademark Registrations that include the word mark THE HOME DEPOT. (Exhibit 1).

(b)     Plaintiff Homer is the owner of numerous United States Trademark Registrations that cover its distinctive Square Logo Design, including United States Registration No. 1,297,161 for the following design:



Numerous other United States Trademark Registrations for THE HOME DEPOT Marks that include the distinctive Square Logo Design are collected at Exhibit 2.

(c)     Plaintiff Homer is the owner of numerous United States Trademarks that claim the color orange as an element of the protected mark, including

Registration Number 2,276,946, which "consists of the color orange used as a background for advertising, promotional materials, signage, and labels." (Exhibit 3). In addition, Plaintiff Homer owns United States Registration No. 2,420,666 for the Square Logo Design which recites that "The Drawing is Lined for the Color Orange" to indicate that color is an element of the mark:



(Exhibit 4). In the marketplace, THE HOME DEPOT Mark in its Square Logo Design and orange background appears as follows:



(Exhibit 5).

15.

Each of the Trademark Registrations identified in paragraph 14 above and Exhibits 1-4 is *prima facie* evidence of the validity of the registered mark and of the registration of the mark, of Plaintiff Homer's ownership of the mark, and of Plaintiff Homer's exclusive right to use the registered mark in commerce and in connection with the goods or services specified in the Trademark Registration. In addition, each of registrations numbers 1835705, 1297161, 2314081, 1431636, 1188191, 1152625, 1872835 and 2276946 is incontestable, and each such registration is therefore conclusive evidence of the validity of the registered mark and of the registration of the mark, of Plaintiff Homer's ownership of the registered mark, and of Plaintiff Homer's exclusive right to use the registered mark in commerce.

16.

Since 1979, when Plaintiff Homer's predecessors in interest, and its licensees adopted and first began use of THE HOME DEPOT Marks, including the Square Logo Design, THE HOME DEPOT Marks have been prominently used and promoted through extensive advertising, marketing, and sales of goods and services related to home improvement, home décor, home appliances, gardening and landscaping, and building construction and repair. Plaintiff Homer, its

299928

predecessors in interest and its licensees' annual worldwide sales under THE

HOME DEPOT Marks have been substantial, and such entities have made a

significant investment in advertising to promote THE HOME DEPOT Marks.  As a

result of this substantial investment by Plaintiff Homer and its related companies in

THE HOME DEPOT Marks, THE HOME DEPOT Marks, including the Square

Logo Design, are widely recognized by consumers.  Because THE HOME DEPOT

Marks permeate every aspect of Plaintiff Homer's and its licensees' businesses,

appear in the advertising of Plaintiff Homer's licensees, are used in connection

with goods and services, and are used as the trade name of Plaintiff Homer's

licensees, THE HOME DEPOT Marks and the Square Logo Design have become

famous and highly distinctive, and have become invaluable assets of Plaintiff

Homer, serving as a symbol of quality goods and services and of Plaintiff Homer's

goodwill.

<div align="center">17.</div>

Plaintiff Homer is the owner of all right, title, and interest in and to THE

HOME DEPOT Marks.  Further, as a result of over twenty-five years of extensive

use, advertising, and promotion of THE HOME DEPOT Marks in connection with

a variety of goods and services of high quality, goods and services bearing THE

HOME DEPOT Marks have become well regarded by Plaintiff Homer's and its

licensees' customers and customers have come to associate goods and services identified by THE HOME DEPOT Marks exclusively with Plaintiff Homer and its licensees, either through sale or provision of services, or through sponsorship, approval, authorization, association, or affiliation.

18.

Plaintiff Homer, through its predecessors in interest and licensees, engages in the marketing and sale of a wide variety of goods and services bearing THE HOME DEPOT Marks.

## DEFENDANTS' ILLEGAL ACTS

19.

Upon information and belief, the individual Defendants McDaniel, Feldbauer and Mollner, together and with Drive Power, Inc. do business under the unincorporated trade name "The Trans Depot" at the following known locations in this district:

(a)    6611 Hwy. 85, Riverdale, GA  30274;

(b)    1188 Royal Drive, Conyers, GA  30094;

(c)    24 Tower Place, Newnan, GA  30263; and

(d)    127 Huddleston Road, Peachtree City, GA 30269.

(Exhibit 6).  Defendants' website also lists telephone numbers for Lagrange, Union City, Jonesboro/Stockbridge, Fayetteville, Griffin, Fairburn and Conyers.

20.

Defendants have adopted and used the following infringing name and design:



(Exhibit 7).

21.

Defendants have displayed the infringing name and design on signs at their Conyers, Georgia facility, to-wit:



(Exhibit 8).

22.

Defendants have displayed the infringing name and design on signs at their

Riverdale, Georgia facility, to-wit:



(Exhibit 9).

23.

Defendants offer under the infringing "The Trans Depot" name and design

services relating to the sale or service of automobile transmissions.  (Exhibit 6).

24.

Defendants have also at various times displayed the infringing "The Trans

Depot" name and design on the web page they publish at

http://www.thetransdepot.com/, to wit:



(Exhibit 6).

### 25.

On December 21, 2004, counsel for Plaintiff wrote a letter to "The Trans Depot" at 6611 Highway 85, Riverdale, Georgia 30274, advising of Plaintiff's trademark registrations and rights. Counsel for Plaintiff further advised that "The Trans Depot" name and design infringed Plaintiff's trademark rights and demanded that "The Trans Depot" immediately cease and desist the infringement and pay specified fixed damages. (Exhibit 10).

### 26.

On March 4, 2005, counsel for the Plaintiff had a telephone conversation with the Defendant Rickey McDaniel and again informed Defendants that their use of the name "The Trans Depot" as depicted on the Defendants' website and store signs infringed the Plaintiff's trademarks.

27.

On April 27, 2005, counsel for Plaintiff again wrote to Mr. McDaniel advising that the Defendant's "The Trans Depot" name and signage infringed Plaintiff's trademarks. Plaintiff's counsel demanded that the Defendants immediately cease and desist their infringing activities. (Exhibit 11).

28.

Plaintiff's counsel again telephoned Defendant Rickey McDaniel on May 3, 2005 and stated that "The Trans Depot" name and design infringed Plaintiff's trademark rights and warned that legal action would be taken if Defendants' did not accede to Plaintiff's demand that use of the infringing design permanently cease.

29.

In a last effort to avoid the need for litigation, Plaintiff's counsel had a telephone conversation with Defendant Bob Feldbauer on October 17, 2005. Mr. Feldbauer said new signs were being considered but offered no commitment as to when the new signs would be installed. Furthermore, during that call, Mr. Feldbauer agreed to send to Plaintiff's counsel, by week's end, a proposed new logo design for Plaintiff's review. To-date, no such new logo design has been received by Plaintiff's counsel.

30.

Upon information and belief, the Defendants Rickey A. McDaniel, Robert

Feldbauer, David Mollner and Drive Power, Inc., each of them individually and

acting together in concert, personally took part in or personally directed, or

actively and knowingly caused others to do the acts that infringe Plaintiff's rights.

31.

Upon information and belief, the Defendants McDaniel, Feldbauer and

Mollner and Drive Power, Inc., are jointly and severally liable for the trademark

infringement alleged herein.

## COUNT ONE

## FEDERAL TRADEMARK, SERVICE MARK, AND TRADE NAME INFRINGEMENT IN VIOLATION OF THE LANHAM ACT

32.

Plaintiff incorporates herein and realleges, as if fully set forth in this

paragraph, the allegations of paragraphs 1 through 31 above.

33.

The Defendants' "The Trans Depot" name and design is likely to be

confused with Plaintiff Homer's THE HOME DEPOT Marks. Defendants are

using "The Trans Depot" name and design in connection with the offering of

products that are related to Plaintiff Homer's goods, services, and sponsorships and

other commercial activities and are directed to the same customer base. The use of "The Trans Depot" name and design by Defendants is likely to cause confusion with Plaintiff Homer's services and business.

34.

Upon information and belief, Defendants used and continue to use "The Trans Depot" name and design with full knowledge of Plaintiff Homer's prior and superior rights in and to THE HOME DEPOT Marks and with the willful and calculated intent of causing confusion and of trading unlawfully on the goodwill and reputation of Plaintiff Homer, its predecessors, and its licensees symbolized by THE HOME DEPOT Marks.

35.

The above-described conduct of Defendants in using "The Trans Depot" name and design is likely to cause confusion, or to cause mistake, or to deceive consumers as to the true origin, source, sponsorship, approval, association, or affiliation of Defendants' products. Such unauthorized use infringes Plaintiff Homer's exclusive rights in and to THE HOME DEPOT Marks and is therefore in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and more particularly Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a).

36.

Defendants' conduct has caused and will continue to cause irreparable injury

to Plaintiff and to the goodwill associated with Plaintiff's marks.  Plaintiff will

continue to be irreparably injured unless and until Defendants' conduct is

permanently enjoined by this Court, and Plaintiff has no adequate remedy at law.

## COUNT TWO

## USE OF FALSE DESIGNATIONS OF ORIGIN, FALSE DESCRIPTIONS AND FALSE REPRESENTATIONS OF FACT, AND FALSE ADVERTISING IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

37.

Plaintiff incorporates herein and realleges, as if fully set forth in this

paragraph, the allegations of paragraphs 1 through 36 above.

38.

Defendants have made false or misleading descriptions of fact and used false

designations as to the true origin of the goods and services sold by Defendants with

full knowledge of the falsity and/or deceptive nature of such descriptions,

designations, and representations, and have willfully used and promoted the sale in

interstate commerce of Defendants' goods and services using the foregoing false

designations and descriptions so as to misrepresent the nature, quality, and

characteristics of Defendants' goods, all to Defendants' profit and Plaintiff's damage.

39.

As a direct and proximate result of Defendants' use of false designations of origin, false descriptions and false representations of fact, and Defendants' false advertising, Defendants' conduct has caused and will continue to cause irreparable injury to Plaintiff. Plaintiff will continue to be irreparably injured unless and until Defendants' conduct is permanently enjoined by this Court, and Plaintiff has no adequate remedy at law.

## COUNT THREE

### FEDERAL DILUTION IN VIOLATION OF SECTION 43(c) OF THE LANHAM ACT

40.

Plaintiff incorporates herein and realleges, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 39 above.

41.

Plaintiff Homer's THE HOME DEPOT Marks have been widely advertised and are highly recognized by the general public as being identified with Plaintiff Homer, its predecessors and licensees. THE HOME DEPOT Marks are both

famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

42.

Defendants' use of "The Trans Depot" name and design commenced after THE HOME DEPOT Marks became famous and distinctive. Defendants' illicit use of "The Trans Depot" name and design has caused and will continue to cause blurring of the distinctive quality of THE HOME DEPOT Marks and such use is willfully intended to trade on Plaintiff Homer's reputation and goodwill. Defendants' use of "The Trans Depot" name and design in the advertising and sale of goods and services also causes tarnishment of THE HOME DEPOT Marks by creating a negative association with THE HOME DEPOT Marks.

43.

Defendants' conduct in offering for sale and selling goods and services under "The Trans Depot" name and design has caused actual dilution of Plaintiff's THE HOME DEPOT Marks and constitutes trademark dilution within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

44.

As a direct and proximate result of Defendants' dilution of Plaintiff Homer's THE HOME DEPOT Marks, Defendants' conduct has caused and will continue to cause irreparable injury to Plaintiff Homer, its predecessors, and licensees. Plaintiff Homer will continue to be irreparably injured unless and until Defendants' conduct is permanently enjoined by this Court, and Plaintiff Homer has no adequate remedy at law.

## COUNT FOUR

### VIOLATION OF THE
### GEORGIA DECEPTIVE TRADE PRACTICES ACT

45.

Plaintiff incorporates herein and realleges, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 44 above.

46.

The adoption and use by Defendants of "The Trans Depot" name and design is in violation of Plaintiff's prior and superior rights to such marks, and is likely to create confusion or misunderstanding as to affiliation, connection, or association of Defendants' goods with Plaintiff and Plaintiff's businesses, goods, and services, in violation of the Georgia Deceptive Trade Practices Act, O.C.G.A. § 10-1-372.

299928

47.

Defendants' conduct has caused and will continue to cause irreparable injury to Plaintiff and to the goodwill associated with Plaintiff's marks.  Plaintiff will continue to be irreparably injured unless and until Defendants' conduct is permanently enjoined by this Court, and Plaintiff has no adequate remedy at law.

## COUNT FIVE

### VIOLATION OF THE
### GEORGIA UNFAIR COMPETITION STATUTE

48.

Plaintiff incorporates herein and alleges, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 47 above.

49.

Defendants' conduct constitutes an attempt to encroach upon Plaintiff's businesses by the use of "The Trans Depot" name and design with the intention of misleading the public, and therefore violates O.C.G.A. § 23-2-55.

50.

Defendants' conduct constitutes unfair competition under Georgia statutory law and has damaged and will continue to damage Plaintiff, its goodwill, and its reputation to the irreparable injury of Plaintiff unless and until Defendants'

conduct is permanently enjoined by this Court, and Plaintiff has no adequate remedy at law.

## COUNT SIX

## COMMON LAW UNFAIR COMPETITION

51.

Plaintiff incorporates herein and realleges, as if fully set forth in this paragraph, the allegations of paragraphs 1 through 50 above.

52.

Defendants have used "The Trans Depot" name and design without authorization of Plaintiff in connection with the sale, advertising, and offering for sale of Defendants' products, services, and business for the willful and calculated purpose of passing off Defendants' products as sponsored or approved by Plaintiff; of trading upon Plaintiff's goodwill and reputation as symbolized by THE HOME DEPOT Marks; and of selling Defendants' products and services based upon the goodwill of THE HOME DEPOT Marks and Plaintiff's business reputation.

53.

Defendants have willfully used "The Trans Depot" name and design without authorization in association with products offered for sale, advertising, and sold by Defendants in such a manner so as to suggest association or affiliation, and

authorization, sponsorship, or approval by Plaintiff and so as to mislead and

deceive the public, or to be likely to cause confusion and mistake as to the source,

origin, or quality of Defendants' products, all to Defendants' profit and Plaintiff's

damage.

<div align="center">54.</div>

Defendants' conduct constitutes unfair competition with Plaintiff Homer at

common law and has damaged and will continue to damage Plaintiff, its goodwill,

and its reputation to the irreparable injury of Plaintiff unless and until Defendants'

conduct is permanently enjoined by this Court, and Plaintiff has no adequate

remedy at law.

<div align="center">**PRAYER FOR RELIEF**</div>

WHEREFORE, by virtue of the unlawful conduct of Defendants as alleged

in this Complaint, Plaintiff respectfully prays that:

1.     The Court enter judgment that Defendants have infringed Plaintiff

Homer's rights in and to THE HOME DEPOT Marks, and have used false

designations of origin, false descriptions and false representations of fact, and false

advertising in violation of 15 U.S.C. §§ 1114 and 1125(a); has engaged in acts

which have caused dilution and tarnishment to the distinctive and famous THE

HOME DEPOT Marks, in violation of 15 U.S.C. § 1125(c); has engaged in unfair

competition in violation of O.C.G.A. § 10-1-372; and has unfairly competed with and otherwise injured Plaintiff Homer;

    2.     The Court enter a preliminary and, thereafter, a permanent injunction prohibiting Defendants and their agents, servants, employees, and attorneys, and those persons in active concert or participation with them, from infringing Plaintiff Homer's trademarks by, among other things, using "The Trans Depot" name and design or any other trademarks, service marks, or trade names that are likely to cause confusion, mistake, or deception among consumers as to the affiliation or connection of Defendants with Plaintiff Homer;

    3.     An Order preserving all evidence relating to the subject matter of this dispute until further order of this Court;

    4.     Plaintiff be awarded Defendants' gross profits derived from the wrongful use of "The Trans Depot" name and design and the damages sustained by Plaintiff as a result of the acts of Defendants, with such amounts to be determined by the trier of fact;

    5.     Defendants be required to pay to Plaintiff increased damages, in an amount to be determined by the trier of fact, for Defendants' willful infringing use of "The Trans Depot" name and design and also for Defendants' deliberate attempts to trade upon the goodwill associated with THE HOME DEPOT Mark

and Plaintiff's businesses, and for Defendants' willful and wanton violation of the

common law of unfair competition;

      6.      Defendants be required to pay Plaintiff's costs of this action and

reasonable attorney's fees; and

      7.      Plaintiff be granted such further relief as the Court deems just, proper,

and equitable.

      This _3rd_ day of _November_, 2005.

<div style="margin-left:40%;">

Respectfully submitted

_Lawrence K. Nodine_

Lawrence K. Nodine
Georgia Bar No. 545250
Jeffrey H. Brickman
Georgia Bar No. 080432
Thad C. Kodish
Georgia Bar No. 427603
Robin L. Gentry
Georgia Bar No. 289899
NEEDLE & ROSENBERG, P.C.
999 Peachtree Street, N.E.
Suite 1000
Atlanta, Georgia  30309
(678) 420-9300 – Telephone
(678) 420-9301 – Facsimile

Attorneys for Plaintiff HOMER TLC, INC.

</div>

# EXHIBIT 1

| "THE HOME DEPOT" Trademarks/ Service Marks Owned by Homer TLC, INC. | U.S. Registration No. |
|---|---|
|  | 2420666 |
|  | 2391201 |
|  | 1835705 |
|  | 1297161 |
|  | 2500530 |
| THE HOME DEPOT | 2413721 |
| THE HOME DEPOT | 2825232 |
| THE HOME DEPOT | 2492817 |

| | |
|---|---|
| HOME DEPOT | 2314081 |
| THE HOME DEPOT | 2422760 |
| THE HOME DEPOT | 2428264 |
| THE HOME DEPOT KIDS WORKSHOP | 2316186 |
| THE HOME DEPOT | 1431636 |
| THE HOME DEPOT | 1188191 |
| THE HOME DEPOT | 1152625 |
| THE HOME DEPOT FIRST IN HOME IMPROVEMENT | 2586651 |
|  | 2973464 |
|  | 2973463 |
|  | 2968462 |
|  | 2869458 |

| | |
|---|---|
|  | 2960908 |
|  | 2925728 |
|  | 2829783 |
|  | 2654515 |
|  | 2487716 |
|  | 2554715 |

| | 1872835 |
|---|---|
|  | |

299575

# EXHIBIT 2

| "THE HOME DEPOT" Slanted Stencil Design Trademarks/ Service Marks Owned by Homer TLC, INC. | U.S. Registration No. |
|---|---|
|  | 2420666 |
|  | 2391201 |
|  | 1835705 |
|  | 1297161 |
|  | 2500530 |

299674

# EXHIBIT 3

Trademark.com - SN_74-695201

 Go to    **Rank**        **Include in Report**

© 2002 trademark.com   **Record 2 of 148**
**Database(s):** Federal
**All Owner:** homer tlc    **Status:** registered





| | |
|---|---|
| **Mark** | (Design only) |
| | |
| **Status** | Registered |
| **Status Date** | Jun 21, 2005 |
| **Register** | Principal Sec  2 f |
| | |
| **Ser./App. No.** | 74-695201 |
| **Registration No.** | 2276946 |
| | |
| **Int'l Class** | 1 – Chemicals |
| **Goods/Services** | LAWN FERTILIZERS |
| **U.S. Class** | 1, 5, 6, 10, 26, 46 |
| **1st Use** | Jun 28, 1979 |
| **Commerce Use** | Jun 28, 1979 |
| | |
| **Int'l Class** | 6 – Metal Goods |
| **Goods/Services** | METAL FASTENERS AND DOOR DRAPERY AND CURTAIN HARDWARE, NAMELY, BRACKETS, HOOKS, HINGES, LATCHES, LOCKS, SCREWS, BOLTS, HANDLES AND CLOSURES, METAL PLUMBING PIPES AND METAL DRAIN PIPES |
| **U.S. Class** | 2, 12, 13, 14, 23, 25, 50 |
| **1st Use** | Jun 28, 1979 |
| **Commerce Use** | Jun 28, 1979 |
| | |
| **Int'l Class** | 7 – Machinery |
| **Goods/Services** | COMPRESSORS FOR MACHINES, ELECTRIC HAND-HELD DRILLS, POWER-OPERATED SAWS, POWER-OPERATED SCREW DRIVERS, ELECTRIC GLUE GUNS, GARBAGE DISPOSAL UNITS, LAWN MOWERS, ELECTRIC EDGERS, AND TILLERS |
| **U.S. Class** | 13, 19, 21, 23, 31, 34, 35 |
| **1st Use** | Jun 28, 1979 |
| **Commerce Use** | Jun 28, 1979 |

Trademark.com - SN_74-695201                                      Page 2 of 4

| | |
|---|---|
| **Int'l Class** | 8 - Hand Tools |
| **Goods/Services** | HAND TOOLS, NAMELY, HAMMERS, DRILLS, SAWS, SCREW DRIVERS AND CHISELS, AND LAWN AND GARDEN TOOLS, NAMELY, RAKES, SHOVELS, SHEARS AND CLIPPERS |
| **U.S. Class** | 23, 28, 44 |
| **1st Use** | Jun 28, 1979 |
| **Commerce Use** | Jun 28, 1979 |

| | |
|---|---|
| **Int'l Class** | 9 - Electrical and Scientific Apparatus |
| **Goods/Services** | ELECTRIC SWITCHES, WIRING AND RECEPTACLES THEREFOR, AND ELECTRIC DOOR OPENERS |
| **U.S. Class** | 21, 23, 26, 36, 38 |
| **1st Use** | Jun 28, 1979 |
| **Commerce Use** | Jun 28, 1979 |

| | |
|---|---|
| **Int'l Class** | 11 - Environmental Control Apparatus |
| **Goods/Services** | ELECTRIC LIGHTING FIXTURES, FANS, AIR CONDITIONERS, HOT TUBS, AND PLUMBING EQUIPMENT, NAMELY, WATER HEATERS, TOILETS, SINKS, BATH TUBS, AND FAUCETS, SHOWER HEADS, METAL ADJUSTABLE SHOWER ARMS, METAL SWIVEL CONNECTORS, METAL SHOWER HOSES, METAL SUPPLY ELBOW WITH FLANGE, METAL WATER VOLUME CONTROL CONNECTION; PLUMBING FITTINGS, NAMELY, BIBBS, COCKS, TRAPS, AND VALVES; SINK STRAINERS, TRAPS AND VALVES |
| **U.S. Class** | 13, 21, 23, 31, 34 |
| **1st Use** | Jun 28, 1979 |
| **Commerce Use** | Jun 28, 1979 |

| | |
|---|---|
| **Int'l Class** | 17 - Rubber Goods |
| **Goods/Services** | WATERING HOSES, PLASTIC PIPES FOR PLUMBING USE |
| **U.S. Class** | 1, 5, 12, 13, 35, 50 |
| **1st Use** | Jun 28, 1979 |
| **Commerce Use** | Jun 28, 1979 |

| | |
|---|---|
| **Int'l Class** | 19 - Non-metallic Building Materials |
| **Goods/Services** | NON-METAL BUILDING MATERIALS, NAMELY, LUMBER, FLOORING, PANELING, DOORS, WINDOWS, AND CONCRETE MIX |
| **U.S. Class** | 1, 12, 33, 50 |
| **1st Use** | Jun 28, 1979 |
| **Commerce Use** | Jun 28, 1979 |

| | |
|---|---|
| **Int'l Class** | 20 - Furniture and Articles Not Otherwise Classified |
| **Goods/Services** | BEDROOM, LIVING ROOM, OUTDOOR AND OFFICE FURNITURE, AND SHELVES |
| **U.S. Class** | 2, 13, 22, 25, 32, 50 |
| **1st Use** | Jun 28, 1979 |
| **Commerce Use** | Jun 28, 1979 |

| | |
|---|---|
| **Int'l Class** | 21 - Housewares and Glass |
| **Goods/Services** | LAWN SPRINKLERS |
| **U.S. Class** | 2, 13, 23, 29, 30, 33, 40, 50 |
| **1st Use** | Jun 28, 1979 |
| **Commerce Use** | Jun 28, 1979 |

| | |
|---|---|
| **Int'l Class** | 27 - Floor Coverings |
| **Goods/Services** | WALLPAPER AND CARPETS |
| **U.S. Class** | 19, 20, 37, 42, 50 |
| **1st Use** | Jun 28, 1979 |
| **Commerce Use** | Jun 28, 1979 |

| | |
|---|---|
| **Int'l Class** | 37 - Construction and Repair |
| **Goods/Services** | INSTALLATION SERVICES, NAMELY, THE INSTALLATION OF OAK STAIR CASES, WOOD DECKS, WOOD FENCING, ATTIC STAIRCASE, ATTIC VENTILATOR, AWNINGS, METAL AND WOOD BIFOLD DOORS, INTERIOR DOORS, INTERIOR PRE-HUNG DOOR, INTERIOR SLAB DOOR, |

MIRROR DOORS, CHAIN LINK FENCING, EXTERIOR DOORS, EXTERIOR
PRE-HUNG DOOR, EXTERIOR SLAB DOOR, FIREPLACE INSERTS, GARAGE
DOORS, INSULATION, INTERIOR DOOR REPLACEMENT, INTERIOR
REMODELING, MISCELLANEOUS CARPENTRY, ALUMINUM AND WOOD PATIO
DOORS, PATIO ENCLOSURES, SUN ROOMS, SCREEN ROOMS, PAVERS,
ROOFING, SEAMLESS GUTTERS, SECURITY DOORS, SKYLIGHTS, METAL
AND WOOD STORAGE BUILDINGS, STORM WINDOWS, STORM/SCREEN
DOORS, WOOD SCREEN DOOR, SUSPENDED CEILINGS, POWER
ROOF/ATTIC VENTILATORS, TURBINE VENTS, VENTILATION,
WHOLEHOUSE FANS, VINYL SIDING/SOFFIT/FASCIA, VINYL/WOOD
EXTERIOR SHUTTERS, WINDOW GUARDS, ALUMINUM WINDOWS, VINYL
REPLACEMENT WINDOWS, WOOD WINDOWS, CLOSET SYSTEMS, CUSTOM
MIRRORS, MARBLE FLOORING, SALTILLO/MEXICAN TILE, VINYL
FLOORING, CUSTOM INTERIOR SHUTTERS, UPHOLSTERY, GARAGE DOOR
OPENER, LOCKSETS, MAILBOXES, SAFES, APPLIANCES, BATH AND
KITCHEN FAUCETS, BATHROOM REMODELING, BATHROOM
VANITIES/TOPS, CENTRAL AIR CONDITIONING, FURNACES, CENTRAL
VACUUM SYSTEMS, DOME CEILINGS, GARBAGE DISPOSAL, KITCHEN
CABINETS, KITCHEN REMODELING, KITCHEN AND BATH SINKS,
LAMINATE TOPS, SOLID SURFACE TOPS, PEDESTAL LAVATORIES,
PLUMBING, SHOWER DOORS, SHOWER ENCLOSURES, SPRINKLER
SYSTEMS, SUMP PUMP, THERMOSTATS, TOILET REPLACEMENT, TUBS
REPLACEMENT, WATER FILTERS, WATER HEATER, WATER SOFTENERS,
WHIRLPOOLS/SPAS, ALARM SYSTEMS, OUTDOOR LIGHTING, RECESSED
LIGHTING, EXISTING CEILING FIXTURES WITH TRACK LIGHT,
CEILING LIGHT FIXTURE REPLACEMENT, CEILING FANS-REPLACEMENT,
CEILING FANS-NEW, GAS LOGS/GRILLS, WALL FURNACE, AND WINDOW
AIR CONDITIONING UNITS

| | |
|---|---|
| **U.S. Class** | 100, 103, 106 |
| **1st Use** | Jun 1, 1991 |
| **Commerce Use** | Jun 1, 1991 |
| | |
| **Int'l Class** | 41 - Education and Entertainment |
| **Goods/Services** | EDUCATIONAL SERVICES, NAMELY, CONDUCTING CLASSES AND CLINICS IN THE FIELD OF HOME IMPROVEMENT PROJECTS EXCLUDING CLASSES AND CLINICS IN THE FIELD OF PAINTING AND DECORATING |
| **U.S. Class** | 100, 101, 107 |
| **1st Use** | Jun 28, 1979 |
| **Commerce Use** | Jun 28, 1979 |
| | |
| **Int'l Class** | 42 - Miscellaneous Services |
| **Goods/Services** | LANDSCAPE GARDENING DESIGN FOR OTHERS, CONSULTATION IN THE FIELDS OF CONSTRUCTION, REPAIR, MAINTENANCE AND INSTALLATION, AND RETAIL HOME IMPROVEMENT CENTERS |
| **U.S. Class** | 100, 101 |
| **1st Use** | Jun 28, 1979 |
| **Commerce Use** | Jun 28, 1979 |
| | |
| **Filing Date** | Jun 29, 1995 |
| **Published (Last)** | Dec 9, 1997 |
| **Registered** | Sep 14, 1999 |
| | |
| **Affidavits** | Sec. 8 accepted. Sec. 15 acknowledged. |
| | |
| **Disclaimer** | THE SHAPE OF THE MATTER REPRESENTED BY THE BROKEN LINES |
| | |
| **Design Codes** | 260902 - Squares, plain single line<br>260912 - Squares with bars, bands and lines |
| **Description** | THE MARK CONSISTS OF THE COLOR ORANGE USED AS A BACKGROUND FOR ADVERTISING, PROMOTIONAL MATERIALS, SIGNAGE, AND LABELS. |
| **Lining/Color** | THE DRAWING IS LINED FOR THE COLOR ORANGE. |

| | |
|---|---|
| **TTAB Proceeding** | Opposition 110134 |
| **Plaintiff** | COURTAULDS COATINGS INC. |
| **Serial No.** | 74-236804   **Registration No.**1770951 |
| **Correspondt** | AMY B. BERGE, MIDDLETON & REUTLINGER, 2500 BROWN & WILLIAMSON TOWER, LOUISVILLE, KY 40202 |
| **Filed** | Apr 8, 1998 |
| **Status** | Terminated  Jul 30, 1999 |
| **Decision** | Dismissed with Prejudice |

| | |
|---|---|
| **TTAB Proceeding** | Opposition 121500 |
| **Defendant** | JOHN GARRETT |
| **Serial No.** | 75-717757 |
| **Correspondt** | MICHAEL L. JOHNSON JR, 2461 E ORANGETHORPE AVENUE, STE 233, FULLERTON, CA 92831 |
| **Filed** | Jan 22, 2001 |
| **Status** | Terminated  Aug 31, 2001 |
| **Decision** | Sustained |
| **Decision** | Notice of Default |

| | |
|---|---|
| **Correspondent** | WILLIAM H. NEEDLE<br>NEEDLE & ROSENBERG, P.C.<br>127 PEACHTREE STREET, N.W.<br>SUITE 1200<br>ATLANTA, GA 30303-1811 |
| **Applicant** | HOMER TLC, INC. (DE CORP.)<br>SUITE 5 501 SILVERSIDE ROAD<br>WILMINGTON, DE 19809 |
| **Registrant** | HOMER TLC, INC. (DE CORP.)<br>1404 SOCIETY DRIVE<br>CLAYMONT, DE 19703 |

| **Action History** | | |
|---|---|---|
| | Jun 21, 2005 | PAPER RECEIVED |
| | Jun 21, 2005 | REGISTERED - SEC. 8 (6-YR) ACCEPTED & SEC. 15 ACK. |
| | Jun 21, 2005 | ASSIGNED TO PARALEGAL |
| | Sep 30, 2004 | REGISTERED - SEC. 8 (6-YR) & SEC. 15 FILED |
| | Sep 30, 2004 | TEAS SECTION 8 & 15 RECEIVED |
| | Sep 30, 2004 | REGISTERED - SEC. 8 (6-YR) & SEC. 15 FILED |
| | Sep 14, 1999 | REGISTERED-PRINCIPAL REGISTER |
| | Jul 30, 1999 | OPPOSITION DISMISSED NO. 999999 |
| | Jul 30, 1999 | OPPOSITION TERMINATED NO. 999999 |
| | Apr 14, 1999 | OPPOSITION INSTITUTED NO. 999999 |
| | Dec 19, 1997 | EXTENSION OF TIME TO OPPOSE RECEIVED |
| | Dec 9, 1997 | PUBLISHED FOR OPPOSITION |
| | Nov 7, 1997 | NOTICE OF PUBLICATION |
| | Oct 2, 1997 | APPROVED FOR PUB - PRINCIPAL REGISTER |
| | Aug 11, 1997 | CORRESPONDENCE RECEIVED IN LAW OFFICE |
| | Jul 22, 1997 | LETTER OF SUSPENSION MAILED |
| | May 15, 1997 | CORRESPONDENCE RECEIVED IN LAW OFFICE |
| | Nov 15, 1996 | NON-FINAL ACTION MAILED |
| | Aug 5, 1996 | CORRESPONDENCE RECEIVED IN LAW OFFICE |
| | Feb 5, 1996 | NON-FINAL ACTION MAILED |
| | Jan 30, 1996 | ASSIGNED TO EXAMINER |
| | Jan 18, 1996 | NON-FINAL ACTION MAILED |
| | Dec 21, 1995 | ASSIGNED TO EXAMINER |
| | Dec 13, 1995 | ASSIGNED TO EXAMINER |

         Go to

# EXHIBIT 4



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Thu Nov 3 04:10:18 EST 2005*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

Logout | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

TARR Status | ASSIGN Status | TDR Status | TTAB Status  ( *Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | THE HOME DEPOT |
| **Goods and Services** | IC 016. US 002 005 022 023 029 037 038 050. G & S: Publications, namely books and catalogs relating to home improvement. FIRST USE: 19790600. FIRST USE IN COMMERCE: 19810900 |
| | IC 019. US 001 012 033 050. G & S: Non-metal building materials, namely, lumber, wood and parquet flooring, wood paneling, doors, window frames and concrete mix. FIRST USE: 19790600. FIRST USE IN COMMERCE: 19810900 |
| | IC 036. US 100 101 102. G & S: Credit card services. FIRST USE: 19881200. FIRST USE IN COMMERCE: 19881200 |
| | IC 039. US 100 105. G & S: Delivery and transportation of goods by truck and motor vehicle. FIRST USE: 19790600. FIRST USE IN COMMERCE: 19810900 |
| | IC 041. US 100 101 107. G & S: Educational services, namely conducting clinics and workshops and providing written materials regarding home improvement products. FIRST USE: 19810900. FIRST USE IN COMMERCE: 19810900 |
| | IC 037. US 100 103 106. G & S: Installation, repair and renovation services for appliances, home furnishings and home improvement items; rental of construction equipment and tools, paint mixing and computer paint mixing services. FIRST USE: 19790600. FIRST USE IN COMMERCE: 19810900 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 260912 |
| **Serial Number** | 75689727 |

| | |
|---|---|
| **Filing Date** | April 22, 1999 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | October 24, 2000 |
| **Registration Number** | **2420666** |
| **Registration Date** | January 16, 2001 |
| **Owner** | (REGISTRANT) Homer TLC, Inc. CORPORATION DELAWARE 1404 Society Drive Claymont DELAWARE 19703 |
| **Attorney of Record** | Steven M. Levy |
| **Prior Registrations** | 1152625;1188191;1297161;1431636;1765449;1835705;AND OTHERS |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "HOME" APART FROM THE MARK AS SHOWN |
| **Description of Mark** | The drawing is lined for the color orange. |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# EXHIBIT 5



# EXHIBIT 6





Georgia's Power Tra



**NO SURPRISES!**

Foreign and Domestic

Recreational Vehicles

Fleet Work

Free Written Estimates

Clutch Replacements

Towing Available

3 Day Turnaround or FREE
Rental Car

# Factory Remanufactured
# Transmissions & Engines

## Sales * Service  *  Parts * Installation

# Georgia's Power Train Professional

We will beat any written estimate
by 10% or greater!

## 12 Month Unlimited Mile Nationwide Warranty

**Complete Written Estimates  *  2-Day Service (in most ca**

**AS HEARD ON** 

Visit Our 4 Great Atlanta Locations!!

| Riverdale | Conyers |
|---|---|
|  **The Trans Depot**<br>6611 Hwy. 85<br>Riverdale GA  30274<br>**770-996-2334** | **The Trans Depot**<br>1188 Royal Drive<br>Conyers GA  30094<br>**770-785-7544** |
| Our largest  installation center is located just outside I-285 at the Riverdale exit, 5 minutes south of Hartsfield International Airport.  It showcases a 10-bay fleet area and serves Riverdale, Fayetteville, Forest Park, Union City, Stockbridge, Jonesboro, College Park, East Point and surrounding areas. | This 8-bay facility is conveniently located off I-20, 15 r east of the Atlanta metro area.  The shop is visible fro interstate and covers Atlanta, Stone Mountain, Mariett Norcross, Roswell, Alpharetta, Lawrenceville, McDon and the surrounding areas. |

| Newnan | Peachtree City |
|---|---|

Welcome to The Trans Depot!                                                    Page 2 of 2



**The Trans Depot**
24 Tower Place
Newnan GA  30263
**678-423-7211**

This facility is located within 5 minutes of the Drive Power
USA remanufacturing center and is 20 minutes south of
Hartsfield Jackson International Airport off I-85 South.  This
6-bay location serves the southwest Atlanta areas including
Columbus, LaGrange, Douglasville, Newnan, Lithia Springs
and surrounding areas.



**The Trans Depot**
127 Huddleston Road
Peachtree City GA  30
**678-364-8662**

Our newest installation center is located on Huddlesto
in the heart of Peachtree City.  Easily accessible by ca
golf cart, this location serves Peachtree City, Senoia,
Sharpsburg, Fayetteville, Tyrone, Woolsey, Brooks, an
surrounding areas.  Recently celebrating our Grand O
we invite you to stop by and see us!

| RIVERDALE | LAGRANGE | UNION CITY |
|---|---|---|
| 770-996-2334 | 706-883-6899 | 770-306-367( |

| JONESBORO/STOCKBRIDGE | FAYETTEVILLE | GRIFFIN |
|---|---|---|
| 678-422-0310 | 770-719-3520 | 770-229-488& |

| FAIRBURN | CONYERS | COVINGTON |
|---|---|---|
| 770-774-8817 | 770-785-7544 | 770-785-754⌐ |

**FINANCING AVAILABLE!  We Accept:**



DISC VER
CARD

Fraud
Protection
Guaranteed
Click Here


**Mention this Website and Receive**
**$100 Off Any Transmission With Installation**
Not valid with any other offer

P
C Home
web

# EXHIBIT 7



# TRANSMISSION
## SERVICE
# 770-996-2334

# EXHIBIT 8



# EXHIBIT 9



# EXHIBIT 10



**Homer TLC, Inc • 1404 Society Drive • Claymont, DE 19703**
**(302) 798-0620 • Fax: (302) 798-2513**

December 21, 2004

The Trans Depot
6611 Highway 85
Riverdale, GA 30274

Dear Sir or Madam:

Homer TLC, Inc. ("Homer") is a holding company that owns the intellectual property used by The Home Depot. As you know, The Home Depot is the world's largest home improvement retailer and enjoys a very strong national reputation with consumers and professionals in the home improvement industry. The Home Depot's logo is characterized by an orange square with diagonal white block lettering which has become the hallmark of its business.

Furthermore, Homer is the owner of the distinctive trademarks "THE HOME DEPOT" and its related logo, in connection with various home improvement centers and in connection with related goods and services. The Home Depot has used these marks since 1979. These marks are the subject of Federal Trademark Registration Nos. 2,276,946, 1,297,161, 1,431,636, 1,188,191, 1,152,625, and 1,835,705, copies of which are attached hereto. These trademarks have come to be associated exclusively with The Home Depot in the minds of consumers. They thus represent intellectual property rights of immense value to Homer and The Home Depot.

It has come to Homer's attention that your company is operating its business under the name "THE TRANS DEPOT" appearing in a logo which is similar to THE HOME DEPOT trademark (the "Infringing Mark"). Even a cursory examination of this design reveals that the creator of the Infringing Mark intentionally and blatantly copied numerous creative elements of the registered The Home Depot logo.

It is clear that your use of the name, THE TRANS DEPOT is being used to mislead and deceive the public. And therefore creating a likelihood that consumers will be confused and deceived as to sponsorship or affiliation. Your use constitutes violations of Sections 32 and 43(a) of the Trademark Act of 1946, 15 U.S.C. 1114 and 1125(a). You are liable for damages, attorneys' fees, under U.S. trademark law, Lanham Act Section 35 (15 U.S.C. § 1117). Additionally, it is further evident that the business name is being



December 21, 2004

used with the intent of trading unlawfully upon the rights Homer owns in its Marks. Federal courts have not hesitated to find such conduct to constitute service mark dilution in violation of Section 43(c) of the Federal Lanham Act, 15 U.S.C. §1125(c).

Homer demands that you immediately cease and desist from any and all advertisement and display of the name THE TRANS DEPOT mark, The Home Depot's trademarks or any marks similar thereto, but not limited to, the Infringing Mark. Demand is also made that you or your legal counsel contact the undersigned in writing, within **five (5) days** of your receipt of this correspondence acknowledging that all commercial activities with regard to the Infringing Mark have been terminated. We further demand that you pay Homer TLC the sum of $5,000 as fixed damages for the harm caused to The Home Depot's famous trademark and reputation.

The Home Depot considers your use of its trademarks to be a very serious infringement of its trademark rights. If you fail to respond in writing to us within the time stated above, further action might be taken, without prior notice to you, to protect the exclusivity of The Home Depot's intellectual property rights.

Govern yourself accordingly.

Very truly yours,

Steven M. Levy
Senior Director - Legal

Enclosures

# EXHIBIT 11



**Homer TLC, Inc • 1404 Society Drive • Claymont, DE 19703
(302) 798-0620 • Fax: (302) 798-2513**

April 27, 2005

The Trans Depot
<u>Attn</u>: Mr. Rickey A. McDaniel

6611 Highway 85                     24 Tower Pl.
Riverdale, GA 30274                 Newnan, GA 30263

1188 Royal Dr.                      127 Huddleston Rd.
Conyers, GA 30094                   Peachtree City, GA 30269

Dear Mr. McDaniel:

As you know from our December 21, 2004 letter to your company (copy attached) and from our telephone conversation on March 4, 2005, Homer TLC, the owner of The Home Depot trademark and logo, is of the opinion that your use of the name The Trans Depot as depicted on your web site and certain of your store signs, creates a Federal trademark infringement which entitles Homer to an injunction, damages and recovery of its attorneys fees from your companies The Trans Depot and/or Drive Power, Inc.

Despite the above communication and my personal attempts to reach you on the phone as recently as last week, we notice that your website www.thetransdepot.com still displays the infringing logo and photos of your store locations showing infringing logos.

This letter will serve as formal notice that we have instructed our litigation attorneys to commence a law suit against The Trans Depot and Drive Power, Inc. by **Friday, May 13th** unless we receive 1) written assurances from you that the infringing logo will be promptly removed and 2) the infringing logo is removed, by that date, from your web site. Please note that, while we are willing to resolve this matter now without asking for payment of any damages, if litigation becomes necessary on May 6th, we will not entertain any settlement offers from you which do not include, at a minimum, **full payment of our legal fees**.

I await a prompt written reply from you or your lawyer.

Very truly yours,

Steven M. Levy
Senior Director – Legal

Encl.

**USA**
Proud Sponsor